## IN THE UNITED STATES DISTRICT COURT FOR THE RECEIVED
## MIDDLE DISTRICT OF ALABAMA

2006 FEB 15 A 9: 38

**TERRELL JONES**

   **Plaintiff,**

**VS.**

CASE NO: 2:06CV139 _WHA

**US INVESTIGATIONS SERVICES, L.P.**
**d/b/a USIS**

**DEMAND FOR JURY TRIAL**

   **Defendant.**

## COMPLAINT

### PRELIMINARY STATEMENT

  1. **COMES NOW**, the Plaintiff, TERRELL JONES by and through the undersigned attorney and states the complaint as follows:

### THE PARTIES

  2. Plaintiff is a natural person and is resident and citizen of the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the Fair Credit Reporting Act (hereinafter referred to as "FCRA").

  3. The Defendant, US INVESTIGATIONS SERVICES, L.P., d/b/a USIS (hereinafter referred to as "USIS") is an entity formed under the laws of Pennsylvania. It has its principal place of business in Virginia. It does business in Alabama.

  4. Defendant USIS is a consumer reporting agency as defined in § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

  5. Defendant USIS dispenses such consumer reports to third party subscribers under a contract for monetary compensation.

## JURISDICTION

6.      This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendant is liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

## FACTUAL ALLEGATIONS

7.      After the denial of employment, Plaintiff ordered his consumer report from Defendant USIS and after examining the same, Plaintiff learned that Defendant was reporting false and inaccurate information about them.

8.      Adverse information contained in the consumer report published by Defendant stated and implied that Plaintiff had a long and serious criminal history.

9.      Defendant has published to various business and agencies the "fact" that Plaintiff had a criminal record.

10.      Plaintiff advised USIS in 2005 by disputing in writing numerous times the inaccurate reporting with regard to the false criminal history reporting on his consumer report. Plaintiff included all his personal identification information and requested USIS to remove the inaccurate criminal history from his consumer report.

11.      USIS did not perform a proper investigation. In fact USIS never responded to either of Plaintiff's disputes in spite of the information Plaintiff provided.

12.      Defendant:

a.      failed to conduct an adequate investigation with respect to the disputed information; and

b.      failed to notify plaintiff regarding the results of the investigation; and

c.      failed to review all information provided by the consumer; and

d.      was careless and negligent in the manner in which it carried out any investigation;

## COUNT ONE
*Failure to comply with §1681e(b)*
*of the Fair Credit Reporting Act*

13.    This is a count against USIS for violations of the FCRA and state law.

14.    Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

15.    Defendant, USIS issued, assembled, transferred and published "consumer reports," regarding Plaintiff, as defined in the FCRA.

16.    Defendant, USIS has continually added, stored, maintained and disseminated personal and consumer data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer reports and disseminated.

17.    Defendant USIS, through its actions and inactions, as described herein, caused great and irreparable injury to the Plaintiff.

18.    Defendant USIS has continually posted false and harmful information to Plaintiff's consumer report without requiring a reasonable number of points of correspondence.

19.    In fact the Defendant USIS knew from its own records that Plaintiff had never had a criminal record.

20.    Defendant USIS failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

21.    Defendant USIS created, maintained and utilized a consumer reporting system which is defective and does not comply with the FCRA or other laws governing Defendant's actions.

22.    Upon information and belief, Defendant USIS utilizes a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

23.    Defendant USIS has improperly posted records and other data to Plaintiff's consumer file.

24.    Defendant USIS has maliciously and/or with willful intent to injure, defamed the Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

25.    In addition to actual or compensatory damages for its negligent conduct, Defendant USIS is liable unto Plaintiff in a sum to be assessed by the trier of fact for

punitive/exemplary damages under Alabama law, and/or for willful violations of the provisions of the FCRA or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

**COUNT TWO**
*Failure to comply with §1681(a)(1)(A)*
*of the Fair Credit Reporting Act*

26.     This is a count against the Defendant for its willful and negligent violations of 15 U.S.C. § 1681i(a)(1)(A)of the FCRA and state law.

27.     Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

28.     Defendant willfully and/or negligently failed to notify Plaintiff of the results of his dispute within the 30 day time period prescribed in the FCRA

29.     USIS received Plaintiff's written dispute concerning the inaccurate information on or around October 31, 2005

30.     USIS received Plaintiff's second written dispute concerning the inaccurate information on or around December 15, 2005.

31.     USIS never notified the Plaintiff the results of the reinvestigation he requested.

32.     Plaintiff did not receive notification from USIS that an additional 15 days was needed to perform its investigation of the inaccurate information as required under 15 U.S.C. § 1681i(a)(1)(B).

33.     Defendants have negligently and/or willfully failed to conduct a proper reinvestigation of the dispute information within the time frame provided under the FCRA in violation of the of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

34.     The Plaintiff suffered damages as a result of this violation of the FCRA.

35.     Defendants' actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

## COUNT THREE
*Failure to comply with § 1681k*
*of the Fair Credit Reporting Act*

36.     This is a count against Defendant USIS for its failure to comply with § 1681k of the FCRA.

37.     Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

38.     USIS failed to notify the plaintiff that public record information was being reported by it.

39.     USIS failed to maintain strict procedures to insure that when public record information was reported it is complete and up to date.

40.     Defendant USIS has failed to place any inquires of prospective companies on the Plaintiff's consumer report.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

## COUNT FOUR
*Failure to comply with §1681g(a)*
*of the Fair Credit Reporting Act*

41.     This is a count against Defendant USIS for its failure to comply with § 1681g(a) of the FCRA.

42.     Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

43.     After finally receiving a copy of his file, Plaintiff noticed it did not contain a record of inquires made by prospective companies regarding possible employment.

44.     The purpose of requiring the disclosure of such inquires is to inform the consumer of any and all parties that have viewed his consumer report.

45.     Defendant USIS has failed and refused to disclose inquires of prospective companies and failed and refused to accurately disclose all information in his file as required by § 1681g(a).

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

## COUNT FIVE
*Defamation*

46.    The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

47.    Defendant published this information both orally and in writing.

48.    Defendant had no factual basis for making the statements. Defendant knew this because Plaintiff notified Defendant that the criminal record reporting on his consumer report was not his.

49.    Plaintiff continued to notify Defendant by letters and telephone that the criminal history was not his.

50.    The written publications by Defendant constitute liable per se. The verbal publications constitute slander per se.

51.    Despite Plaintiff's notice, Defendant acted with malice by continuing to ignore Plaintiff's requests for removal of the erroneous information.

52.    As a direct and proximate result of Defendant's defamation, Plaintiff have suffered extreme mental anguish, loss of reputation, loss of the ability to obtain work, mental anguish and suffering, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendant's actions were intentional malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED,**

**DATED** this the _8th_ day of _February_, 2006.

_____
**EARL P. UNDERWOOD, JR. (UNDEE6591)**
**JAMES D. PATTERSON (PATJ6485)**
**Attorneys for Plaintiff**

Law Offices of Earl P. Underwood
21 South Section St.
Fairhope, Alabama 36533
Phone:  251-990-5558
Fax: 251-990-0626

_____
JIM S. CALTON, JR.

Jim S. Calton, Jr
Calton & Calton
226 East Broad Street
Eufaula, Alabama 36027
Phone: 334-687-3563
Fax: 334-687-3564

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.

_____
James D. Patterson

Please serve this complaint by certified mail.