**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **TERRELL JONES** )<br>)<br>    **Plaintiff,** )<br>)<br>v.   )<br>)<br>**USIS COMMERCIAL SERVICES,** )<br>**INC.** )<br>)<br>    **Defendant.** ) | Case No: 2:06-CV-139-WHA |

**ANSWER TO AMENDED COMPLAINT BY DEFENDANT
<u>U.S. INVESTIGATIONS SERVICES, L.P. d/b/a USIS</u>**

Defendant, USIS Commercial Services, Inc. (hereinafter "USIS") answers the Plaintiff's Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1.  Paragraph 1 does not appear to require a response by USIS.

**THE PARTIES**

2.  USIS is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Complaint.

3.  In response to the averments contained in paragraph 3 of the Complaint, USIS admits that USIS Commercial Services, Inc., is a corporation formed under the laws of Oklahoma and that USIS maintains its corporate headquarters in Tulsa, Oklahoma. USIS also admits that it has sufficient contacts with the State of Alabama to

invoke this Court's jurisdiction. Except as expressly admitted, USIS denies the material averments contained in paragraph 3.

4.     In response to the averments contained in paragraph 4 of the Complaint, USIS admits that it, from time to time, acts as a consumer reporting agency as that term is defined under the Fair Credit Reporting Act ("FCRA") and that it, from time to time, furnishes consumer reports, as that term is defined in the FCRA. Except as expressly admitted, USIS denies the material averments contained in paragraph 4 of the Complaint.

5.     In response to the averments contained in paragraph 5 of the Complaint, USIS admits that it, from time to time, furnishes consumer reports, as that term is defined in the FCRA, to customers or "subscribers" for a fee pursuant to the terms of a written subscriber agreement. Except as expressly admitted, USIS denies the material averments contained in paragraph 5 of the Complaint.

## JURISDICTION

6.     In response to the averments contained in paragraph 6 of the Complaint, USIS admits that jurisdiction is proper in this Court under 28 U.S.C. § 1331. Except as expressly admitted, USIS denies the material averments contained in paragraph 6 of the Complaint.

## **FACTUAL ALLEGATIONS**

7. The averment contained in paragraph 7 of the Complaint about a "denial of employment" is too vague to require a response by USIS. To the extent a response is required, USIS states that it is without knowledge or information sufficient to form a belief as to its truth. In response to the remaining material averments contained in paragraph 7, USIS denies that it, at any time, reported false and inaccurate information about Plaintiff. USIS also denies that Plaintiff ordered a report from USIS.

8. USIS denies the material averments contained in paragraph 8 of the Complaint.

9. USIS denies the material averments contained in paragraph 9 of the Complaint.

10. In response to the averments contained in paragraph 10 of the Complaint, USIS admits that it and Plaintiff communicated in 2005. Except as expressly admitted, USIS denies the material averments contained in paragraph 10.

11. USIS denies the material averments contained in paragraph 11 of the Complaint.

12. USIS denies the material averments contained in paragraph 12a, c, and d of the Complaint. USIS is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12b of the Complaint.

## **COUNT ONE**

*Alleged Failure to Comply with § 1681e(b)
of the Fair Credit Reporting Act*

13. Paragraph 13 does not appear to require a response by USIS. To the extent a response is required, USIS denies the material averments contained in paragraph 13 and further denies that it violated any provision of the FCRA or state law.

14. In response to the averments contained in paragraph 14, USIS restates and incorporates here its responses to paragraphs 1 through 13 above.

15. In response to the averments contained in paragraph 15, USIS admits that it sent a consumer report regarding Mr. Jones. Except as expressly admitted, USIS denies the material averments contained in paragraph 15.

16. USIS denies the material averments contained in paragraph 16 of the Complaint.

17. USIS denies the material averments contained in paragraph 17 of the Complaint.

18. USIS denies the material averments contained in paragraph 18 of the Complaint.

19. USIS denies the material averments contained in paragraph 19 of the Complaint.

20. USIS denies the material averments contained in paragraph 20 of the Complaint.

21. USIS denies the material averments contained in paragraph 21 of the Complaint.

22. USIS denies the material averments contained in paragraph 22 of the Complaint.

23. USIS denies the material averments contained in paragraph 23 of the Complaint.

24. USIS denies the material averments contained in paragraph 24 of the Complaint.

25. USIS denies the material averments contained in paragraph 25 of the Complaint and further denies that Plaintiff is entitled to damages or to any other form of relief.

## COUNT TWO

*Alleged Failure to Comply with § 1681i(a)(1)(A)*
*of the Fair Credit Reporting Act*

26. Paragraph 26 does not appear to require a response. To the extent a response is required, USIS denies the material averments contained in paragraph 26 and further denies that it violated any provision of the FCRA or state law.

27. In response to the averments contained in paragraph 27 of the Complaint, USIS restates and incorporates here its responses to paragraphs 1 through 26.

28. USIS denies the material averments contained in paragraph 28 of the Complaint.

29. USIS is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of the Complaint.

30. In response to the averments contained in paragraph 30 of the Complaint, USIS admits that, on or about December 19, 2005, it received a letter from Mr. Jones. USIS also admits that, by that time, it had completed its investigation and deleted information it was unable to confirm. Except as expressly admitted, USIS denies the material averments contained in paragraph 30.

31. USIS is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 of the Complaint.

32. USIS is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32 of the Complaint.

33. USIS denies the material averments contained in paragraph 33 of the Complaint.

34. USIS denies the material averments contained in paragraph 34 of the Complaint.

35. USIS denies the material averments contained in paragraph 35 of the Complaint and further denies that Plaintiff is entitled to damages or to any other form of relief.

## **COUNT THREE**

*Alleged Failure to Comply with § 1681k*
*of the Fair Credit Reporting Act*

36.     Paragraph 36 does not appear to require a response.  To the extent a response is required, USIS denies the material averments contained in paragraph 36 and further denies that it violated any provision of the FCRA or state law.

37.     In response to the averments contained in paragraph 37 of the Complaint, USIS restates and incorporates here its responses to paragraphs 1 through 36.

38.     USIS denies the material averments contained in paragraph 38 of the Complaint.

39.     USIS denies the material averments contained in paragraph 39 of the Complaint.

40.     The averments contained in paragraph 40 of the Complaint are too vague to require a response by USIS.  To the extent a response is required, USIS denies that it violated any provision of the FCRA or state law with regard to any inquiries concerning the Plaintiff.  USIS also denies that Plaintiff is entitled to damages or to any other form of relief.

## COUNT FOUR

*Alleged Failure to Comply with § 1681g(a)*
*of the Fair Credit Reporting Act*

41.     Paragraph 41 does not appear to require a response.  To the extent a response is required, USIS denies the material averments contained in paragraph 41 and further denies that it violated any provision of the FCRA or state law.

42.     In response to the averments contained in paragraph 42 of the Complaint, USIS restates and incorporates here its responses to paragraphs 1 through 41.

43.     USIS is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 of the Complaint.

44.     In response to the averments contained in paragraph 44 of the Complaint, USIS states that there are a number of purposes for the various provisions of the FCRA, many of which are a matter of legislative history and public record.  USIS accordingly refers Plaintiff to that legislative history and record.

45.     USIS denies the material averments contained in paragraph 45 of the Complaint and further denies that Plaintiff is entitled to damages or to any other form of relief.

## COUNT FIVE

*Alleged Defamation*

46.     In response to the averments contained in paragraph 46, USIS restates and incorporates its responses to paragraphs 1 through 45.

8

47. The averments contained in paragraph 47 of the Complaint are too vague to require a response by USIS. To the extent a response is required, USIS denies the material averments contained in paragraph 47.

48. USIS denies the material averments contained in paragraph 48 of the Complaint.

49. The averments contained in paragraph 49 of the Complaint are too vague to require a response by USIS. To the extent a response is required, USIS denies the material averments contained in paragraph 49.

50. USIS denies the material averments contained in paragraph 50 of the Complaint.

51. USIS denies the material averments contained in paragraph 51 of the Complaint.

52. USIS denies the material averments contained in paragraph 52 of the Complaint and further denies that Plaintiff is entitled to damages or to any other form of relief.

## FIRST DEFENSE

USIS generally denies the material averments contained in the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim against USIS upon which relief can be granted.

## THIRD DEFENSE

USIS is not guilty of the things alleged in the Complaint.

## FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff has waived, released, or is otherwise estopped from asserting the claims alleged in his Complaint.

## SIXTH DEFENSE

Plaintiff's state law claims are preempted, in whole or in part, by federal law.

## SEVENTH DEFENSE

USIS has at all material times complied with the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.*

## EIGHTH DEFENSE

At no time did USIS negligently or willfully violate any obligation imposed upon it by law.

## NINTH DEFENSE

Plaintiff's complaint is vague and fails to apprise USIS adequately of the claim or claims he asserts.

## TENTH DEFENSE

USIS denies that plaintiff has been injured, damaged, or harmed as a result of any act on the part of USIS or its agents, employees, or servants.

## ELEVENTH DEFENSE

There is no causal relationship between the conduct of USIS and Plaintiff's alleged injuries that are the basis of this lawsuit.

## TWELFTH DEFENSE

Any harm allegedly suffered by Plaintiff was caused by the conduct of third parties for whom USIS owes no legal responsibility.

## THIRTEENTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, by his own conduct.

## FOURTEENTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, by his own contributory negligence.

## FIFTEENTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

USIS has acted at all times in good faith, with due care, and without malice or intent to injure Plaintiff.

## SEVENTEENTH DEFENSE

USIS denies that it breached any duty or obligation allegedly owed to Plaintiff.

## EIGHTEENTH DEFENSE

The communication that is the subject of the Complaint contained no false and defamatory statement of and concerning Plaintiff.

## NINETEENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## TWENTIETH FIRST DEFENSE

To the extent that Plaintiff seeks compensatory damages for mental anguish or pain and suffering in this case, any award of such damages would violate USIS's right to

procedural and substantive due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and suffering; therefore, the plaintiffs cannot recover compensatory damages for pain and suffering.

### TWENTY-FIRST DEFENSE

USIS's supplying of information, if any, was true, privileged, and/or justified.

### TWENTY-SECOND DEFENSE

USIS has not willfully or maliciously published any defamatory information with respect to Plaintiff.

### TWENTY-THIRD DEFENSE

Punitive damage awards in Alabama are unconstitutional because they are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; therefore, the plaintiff cannot recover punitive damages.

## TWENTY-FOURTH DEFENSE

Punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of due process and equal protection provisions of both the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama; therefore, the plaintiff cannot recover punitive damages.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages are barred by Alabama Code § 6-11-20 (1993).

## TWENTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages would be subject to the limitations set forth in Alabama Code § 6-11-21 (1987).

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred by Alabama Code § 6-5-186 (1975).

The parties have not yet conducted discovery in this case. USIS reserves the right to amend its answer and to add or supplement its affirmative defenses as may be appropriate.

s/James P. Pewitt
James P. Pewitt (ASB-7642-P62J)
W. Lee Elebash (ASB-8933-L49E)
Attorneys for Defendant
U.S. Investigation Services, Inc.
d/b/a USIS

**OF COUNSEL**

**JOHNSTON BARTON
PROCTOR & POWELL LLP**

2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Ph: (205) 458-9400
Fax: (205) 458-9500

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl P. Underwood, Jr., Esq.
James D. Patterson, Esq.
LAW OFFICES OF EARL P. UNDERWOOD
21 South Section Street
Fairhope, Alabama  36533

Jim S. Calton, Jr., Esq.
CALTON & CALTON
226 East Broad Street
Eufaula, Alabama  36027

                                                      s/James P. Pewitt
                                                      Of Counsel

W0559076.DOC