# A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

**TERRELL JONES**

      **Plaintiff,**

VS.                                  CASE NO: 2:06cv139-WHA

**US INVESTIGATIONS SERVICES, L.P.**
**d/b/a USIS**

      **Defendant.**

### NOTICE OF DEPOSITION

TO:    James P. Pewitt
           Johnston Barton Proctor & Powell
           1901 Sixth Ave. North
           Birmingham AL 35203-2618

Please take notice that pursuant to FRCP 30(b)(6) the testimony of US Investigations Services, L.P. ("USIS") will be taken upon oral examination and/or telephonic means at the instance and request of the Plaintiff in the above-entitled and numbered action, pursuant to the Federal Rules of Civil Procedure, before a notary public in Fairhope, Alabama at the Law Offices of Earl Underwood at 21 South Section Street, *or at such other place of business to be provided by USIS upon reasonable notice*, on Thursday, September 7, 2006, at 10:00 a.m.. Said oral examination is to be subject to continuance or adjournment from time to time or place-to-place until completed. USIS shall designate one or more officers, agents or other persons who shall consent to testify on behalf of this defendant with respect to the following matters, on which examination is requested:

a. All USIS reports, disclosures, employment files or other documents concerning the Plaintiff containing any personal identifiers.

b. All efforts made by USIS to contact or notify all involved persons in order to advise that improper information existed concerning Plaintiff's USIS file.

c. All communications and reports between USIS and the Plaintiff or any third parties on his behalf;

d. A complete audit trail of any document(s), computer(s), or other employment files or issued by USIS containing personal identifiers associated with the Plaintiff;

e. Any and all requests for Plaintiff's USIS file for the past 5 years.

f. All archived versions of Plaintiff's USIS file from 2000 to the present;

g. All communications of account data between USIS and the public vendors that were used to investigate and/or collect data for Plaintiff's USIS file;

h. The circumstances under which USIS archives, retains or captures data in any file bearing any of Plaintiff's personal identifiers, including the date such data was captured, retained and/or archived, who has possession of those reports, the manner in which the reports are maintained, and the retention policy[ies] regarding those reports.

i. The expense or cost of the programming changes which USIS made in order to accomplish the reporting changes initially required by the terms of the purchase agreement from DAC, to whom those costs were paid, and how they were incurred and determined, and identify all persons with knowledge of such costs and all documents which regard it;

j. The identity of all persons who have knowledge of USIS' handling of Plaintiff's employment data and USIS file;

k. USIS' reasonable procedures which it uses to assure maximum possible accuracy in Plaintiff's USIS file;

l. All documents produced by USIS in this case;

m. USIS' procedures which it uses to investigate and/or reinvestigate Plaintiff's disputes regarding the accuracy of information contained in Plaintiff's USIS file;

n. The actions which USIS allegedly took to investigate the Plaintiff's disputes, whether made by Plaintiff or by someone on his behalf, regarding the fraudulent employment data identified in his Complaint;

o. Any and all litigation filed against USIS in the last five years which alleged that USIS failed to properly investigate a consumer's dispute(s) and/or violated 15 U.S.C. § 1681i, including the total number of such lawsuits;

p. Any and all litigation filed against USIS in the last five years which alleged that USIS failed to maintain reasonable procedures to assure maximum possible accuracy, as required by 15 U.S.C. § 1681e(b), including the total number of such lawsuits;

q. Any and all litigation filed against USIS in the last five years which alleged that USIS failed to maintain reasonable procedures to assure maximum possible accuracy, as required by 15 U.S.C. § 1681k, including the total number of such lawsuits;

## Schedule A
## Items to Bring to Deposition

1. All documents in the possession of USIS which list, bear, or contain the name(s) Terrell Jones, Social Security Number 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.
2. All letters, employment reports, applications for employment, account information, or other personal identifying information in the possession of USIS which list, bear, or contain the name(s) Terrell Jones, Social Security Number 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.
3. All correspondence, of whatever form and kind, between USIS and any third party, in your possession, which lists, bears, or contains the name(s) Terrell Jones, Social Security Number 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.
4. Any and all records you maintain which, in any way, reference inquiries into information files which list, bear, or contain the name(s) Terrell Jones, Social Security Number 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.
5. Any and all documents or other recordings evidencing, constituting or referring to communications between you or USIS and any person which list, bear, or contain the name(s) Terrell Jones, Social Security Number 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.
6. Any and all documents or other recordings pertaining or referring to any allegation in Plaintiff's complaint in this suit or any allegation made in this suit or any response made by or defense taken by USIS.
7. Any and all documents or other recordings evidencing, constituting or referring to USIS's policies and procedures in the care, supervision, direction, custody and control of any documents sought to be produced in this deposition.
8. Copies of any and all policy manuals, procedure manuals, or other documents, which address USIS's policies, practices or procedures in the investigation or reinvestigation of employment data that have not already been produced.
9. Copies of any and all policy manuals, procedure manuals, or other documents, concerning computer programs, software or hardware that USIS uses or utilizes to access employment data and/or consumer reports.
10. Copies of any and all policy manuals, procedure manuals, or other recordings or documents of any kind, which address any or all of USIS's policies, practices or procedures in insuring the maximum possible accuracy of data maintained or disseminated by USIS.
11. Copies of any and all policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in insuring the accuracy of data maintained or disseminated by you.
12. Copies of any and all policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in insuring the completeness of data maintained or disseminated by you.
13. Copies of any and all policy manuals, procedure manuals, or other documents, which are training manuals for your employees, in the following areas: consumer

      relations, reinvestigation, employment database maintenance, subscriber relations and billing.

14. Copies of any and all policy manuals, procedure manuals, or other documents, which address the minimal amount and type of information required of any consumer disputing any item of information on a USIS and/or employment report, in order to cause you to initiate your correction, update, modification and/or deletion of data.

15. Copies of any and all USIS and/or employment reports generated and/or issued by you concerning the Plaintiff or which bear any of the personal identifiers of the Plaintiff. This request includes all archived reports, current and the current state of the employment data of Plaintiff or which bear any of the personal identifiers of the Plaintiff. In connection therewith, please identify the recipient(s) of each document.

16. Complete audit trail of any document(s), computer(s), or other data held by you which, in any degree, addresses or discusses the Plaintiff, any of his personal identifiers and/or any of the data identified, as false, by the Plaintiff in this action.

17. Copies of your subscriber contract between you and the public vendor that was responsible for providing the data for the Plaintiff's USIS and/or employment report.

18. Any and all work papers, notes, and documents in the file of any expert witness who is expected to testify, or in the file of the expert who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

19. Any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this case.

20. Any and all expert reports that were or will be relied upon, in whole or in part, or which were produced by any expert retained or engaged by you.

21. Copies of any statements you have taken or received from any third person in any way connected with this action.

22. Any and all documents requested in the Plaintiff's Requests for Production of Documents propounded to USIS but not produced to the Plaintiff prior to the date of the deposition.

23. All documents needed to accurately respond to the areas of inquiry listed above

r. Any and all litigation filed against USIS in the last five years which alleged that USIS failed to maintain reasonable procedures to assure maximum possible accuracy, as required by 15 U.S.C. § 1681g, including the total number of such lawsuits;

s. Any and all litigation filed against USIS in the last five years which alleged that USIS defamed and/or libeled consumer(s) by reporting inaccurate information as part of the employment report and/or employment history of a consumer(s), including the total number of such lawsuits;

t. USIS's financial statements.

Respectfully Submitted,

By: _____
JAMES D. PATTERSON (PATJ6485)
Attorney for Plaintiff
21 South Section Street
PO Box 969
Fairhope AL 36533
(251) 990-5558
jpatterson@alalaw.com

Dated: August 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of August, 2006, a copy of the foregoing was served on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid to:

W. Lee Elebash
James P. Pewitt
Johnston Barton Proctor & Powell
1901 Sixth Ave. North
Birmingham AL 35203-2618

James D. Patterson
Earl P. Underwood, Jr.