# B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TERRELL JONES )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>USIS COMMERCIAL SERVICES, )<br>INC. )<br>  )<br>  Defendant. ) | Case No: 2:06-CV-139-WHA |

## USIS COMMERCIAL SERVICES, INC'S RESPONSES TO PLAINTIFFS REQUESTS FOR DOCUMENTS UNDER RULE 30(B)(5)

### General Objections

USIS objects to the requests for production contained in Schedule A to the deposition notice served by Plaintiff on August 9, 2006 to the extent that those requests seek information or documents subject to the attorney/client privilege, work-product privilege, statutory privilege or other privilege recognized under the laws of the United States. USIS shall not be deemed to have waived or relinquished such objection or privilege by responding to any of these requests. USIS responds to each of the numbered items identified in Schedule A as follows:

### Responses

**REQUEST 1:** All documents in the possession of USIS which list, bear, or contain the name(s) Terrell Jones, Social Security Number 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.

**RESPONSE:** USIS objects to this request to the extent that it seeks to discover information or documents subject to the attorney/client or work-product privilege. Without waiving this objection, USIS states that it has already produced documents that may be responsive to this request.

**REQUEST 2:** All letters, employment reports, applications for employment, account information, or other personal identifying information in the possession of USIS which list, bear, or contain the name(s) Terrell Jones, Social Security Number 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.

**RESPONSE:** See USIS's response to Request 1.

**REQUEST 3:** All correspondence, of whatever form and kind, between USIS and any third party, in your possession, which lists, bears, or contains the names(s) Terrell Jones, Social Security Number 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.

**RESPONSE:** See USIS's response to Request 1.

**REQUEST 4:** Any and all records you maintain which, in any way, reference inquiries into information files which list, bear, or contain the name(s) Terrell Jones, Social Security Number 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.

**RESPONSE:** USIS objects to this request on the grounds that it is vague. Without waiving this objection, USIS refers the plaintiff to its response to Request 1.

**REQUEST 5:** Any and all documents or other recordings evidencing, constituting or referring to communications between you or USIS and any person which list, bear, or contain the name(s) Terrell Jones, Social Security Number 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.

**RESPONSE:** USIS objects to this request on the grounds that it is vague and may not be directed to USIS. Without waiving this objection, USIS refers the plaintiff to its response to Request 1.

**REQUEST 6:** Any and all documents or other recordings pertaining or referring to any allegation in Plaintiff's complaint in this suit or any allegation made in this suit or any

2

response made by or defense taken by USIS.

**RESPONSE:** USIS objects to this request on the grounds that it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, USIS refers the plaintiff to its response to Request 1.

**REQUEST 7:** Any and all documents or other recordings evidencing, constituting or referring to USIS's policies and procedures in the care, supervision, direction, custody and control of any documents sought to be produced in this deposition.

**RESPONSE:** USIS objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, USIS refers the plaintiff to its response to Request 1.

**REQUEST 8:** Copies of any and all policy manuals, procedure manuals, or other documents, which address USIS's policies, practices or procedures in the investigation or reinvestigation of employment data that have not already been produced.

**RESPONSE:** USIS objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. USIS also objects to this request to the extent that it seeks to discover information or documents subject to the attorney-client or work-product privilege.

**REQUEST 9:** Copies of any and all policy manuals, procedure manuals, or other documents, concerning computer programs, software or hardware that USIS uses or utilizes to access employment data and/or consumer reports.

**RESPONSE:** USIS objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3

evidence.

**REQUEST 10:** Copies of any and all policy manuals, procedure manuals, or other recordings or documents of any kind, which address any or all of USIS's policies, practices or procedures in insuring the maximum possible accuracy of data maintained or disseminated by USIS.

**RESPONSE:** USIS objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST 11:** Copies of any and all policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in insuring the accuracy of data maintained or disseminated by you.

**RESPONSE:** USIS objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST 12:** Copies of any and all policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in insuring the completeness of data maintained or disseminated by you.

**RESPONSE:** USIS objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST 13:** Copies of any and all policy manuals, procedure manuals, or other documents, which are training manuals for your employees, in the following areas: consumer relations, reinvestigation, employment database maintenance, subscriber relations and billing.

**RESPONSE:** USIS objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST 14:** Copies of any and all policy manuals, procedure manuals, or other documents, which address the minimal amount and type of information required of any consumer disputing any item or information on a USIS and/or employment report, in order to cause you to initiate your correction, update, modification and/or deletion of data.

**RESPONSE:** USIS objects to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, USIS states that it is not presently aware of the existence of documents responsive to this request.

**REQUEST 15:** Copies of any and all USIS and/or employment reports generated and/or issued by you concerning the Plaintiff or which bear any of the personal identifiers of the Plaintiff. This request includes all archived reports, current and the current state of employment data of Plaintiff. In connection therewith, please identify recipient(s) of each document.

**RESPONSE:** USIS objects to this request on the grounds that it is vague. USIS objects to the portion of the request that asks USIS to "identify recipients(s)" also on the ground that Rule 30(b)(5) does not permit such a request. Without waiving these objections, USIS refers the plaintiff to its response to Request 1.

**REQUEST 16:** Complete audit trail of any document(s), computer(s), or other data held by you which, in any degree, addresses or discusses the Plaintiff, any of his personal identifiers and/or any of the data identified, as false, by the Plaintiff in this action.

**RESPONSE:** See USIS's response to Request 1.

**REQUEST 17:** Copies of your subscriber contract between you and the public vendor that was responsible for providing the data for the Plaintiff's USIS and/or employment report.

**RESPONSE:** USIS objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. USIS also objects to this request on the grounds that it seeks confidential commercial information.

**REQUEST 18:** Any and all work papers, notes, and documents in the file of any expert witness that is expected to testify, or in the file of the expert who has written a report which is or will be relied upon, in whole or in part, by a testifying expert.

**RESPONSE:** USIS has no documents responsive to this request.

**REQUEST 19:** Any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this case.

**RESPONSE:** USIS will produce such reports in the manner and at the time required by the Court's March 29, 2006 Scheduling Order.

**REQUEST 20:** Any and all expert reports that were or will be relied upon, in whole or in part, or which were produced by any expert retained or engaged by you.

**RESPONSE:** USIS objects to this request on the grounds that it seeks documents subject to the attorney-client or work-product privilege.

**REQUEST 21:** Copies of any statements you have taken or received from any third person in any way connected with this action.

**RESPONSE:** USIS objects to this request on the grounds that it seeks documents subject to the attorney-client or work-product privilege.

**REQUEST 22:**     Any and all documents requested in the Plaintiff's Requests for Production of Documents propounded to USIS but not produced to the Plaintiff prior to the date of the deposition.

**RESPONSE:**     USIS will supplement its previous discovery responses if and when required by the Federal Rules of Civil Procedure.

**REQUEST 23:**     All documents needed to accurately respond to the areas of inquiry listed above.

**RESPONSE:**     USIS objects to this request on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. USIS also objects to this request to the extent that it seeks documents subject to the attorney-client or work-product privilege.

_____
James P. Pewitt (ASB-7642-P62J)
W. Lee Elebash (ASB-8933-L49E)
Attorneys for Defendant
USIS Commercial Services, Inc.

**OF COUNSEL**

**JOHNSTON BARTON
PROCTOR & POWELL LLP**

2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Ph: (205) 458-9400
Fax: (205) 458-9500

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I served the foregoing via U.S. Mail, first class and postage prepaid, to the following:

Earl P. Underwood, Jr., Esq.
James D. Patterson, Esq.
LAW OFFICES OF EARL P. UNDERWOOD
21 South Section Street
Fairhope, Alabama  36533

Jim S. Calton, Jr., Esq.
CALTON & CALTON
226 East Broad Street
Eufaula, Alabama  36027

_____
Of Counsel