# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **TERRELL JONES** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No: 2:06-CV-139-WHA |
| | ) |
| **USIS COMMERCIAL SERVICES,** | ) |
| **INC.** | ) |
| | ) |
| **Defendant.** | ) |

## RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL

Defendant, USIS Commercial Services, Inc. ("USIS"), submits the following response to the Plaintiff's second motion to compel and the Court's order of September 21, 2006.

1.  In this action, Plaintiff asserts claims for defamation and violations of the Fair Credit Reporting Act (the "FCRA"). He contends that, as a result of an allegedly inaccurate criminal record report prepared by USIS, he may have been denied employment at a Wal-Mart for some short period of time. The parties are engaged in discovery. They have made disclosures, produced documents, and exchanged interrogatories, and Plaintiff has now taken the deposition of a Rule 30(b)(6) representative of USIS.

2.  This is the second time the Plaintiff has run to the Court with a motion to compel. In both instances, the motions were filed with little or no reason and

with little or no warning. In this most recent instance, Plaintiff's counsel faxed a letter to counsel for USIS on the afternoon of September 19 stating, for the first time, that he was filing a motion to compel that day. USIS's counsel was out of town and did not even receive or review the faxed letter until after the motion to compel had already been filed.

3. The communication between counsel at issue in this most recent motion involved the routine scheduling of a Rule 30(b)(6) representative of USIS. At the end of July, Plaintiff's counsel indicated a desire to take a Rule 30(b)(6) deposition of USIS. USIS responded that it would need to see a Rule 30(b)(6) deposition notice in order to begin the process of determining who might testify and the representative's availability. On August 7, 2006, Plaintiff served by mail a Rule 30(b)(6) deposition notice, unilaterally setting a deposition date of September 7, 2006. Plaintiff's counsel subsequently indicated both in writing and in conversation that, because he had unilaterally set the date, he did not expect the deposition would go forward on that date.

4. The deposition notice set out 20 different subject matters for the deposition, and it also included 23 document requests, with subparts, presumably pursuant to Rule 30(b)(5). (Attached to the notice was a document marked "Schedule A – Items To Bring To The Deposition.") Many of the deposition

subject matters were overbroad, appeared to be canned, or were otherwise not tailored for the specific facts of this case.

5.   On September 5, 2006, as the parties were attempting to work out a mutually convenient schedule to depose a Rule 30(b)(6) representative of USIS, Plaintiff's counsel indicated that he wanted to depose not only a representative of USIS, but also eight employees of USIS who live and work in Oklahoma. (USIS has on office in Oklahoma.)  Plaintiff's counsel also demanded that all of these depositions be scheduled between September 7 and September 21, 2006.

6.   In response to that demand, USIS proposed to take the scheduling of depositions one step at a time.  USIS proposed to bring a Rule 30(b)(6) representative to Alabama for deposition, to speak to the criminal record report and the steps taken by USIS after Plaintiff disputed the accuracy of the report, and to depose the Plaintiff.  USIS further proposed that, at the conclusion of those two depositions, Plaintiff's counsel reassess whether they wanted to incur the expense of traveling to Oklahoma to take an additional eight depositions.  Plaintiff's counsel agreed with that approach.

7.   On September 11, 2006, Plaintiff's counsel sent an e-mail stating that he was available three days in September (September 25 through 27) and one day in October (October 4).  USIS then worked to see whether a representative could be available for deposition in Alabama on the dates specified by Plaintiff.

8. On September 19, 2006, Plaintiff's counsel filed his motion to compel.

9. Irrespective of the motion to compel, USIS had continued to work, as it said it would do, to confirm a deposition date and ultimately confirmed, as requested, that a representative could be available in Alabama for deposition on October 4, 2006. As mentioned above, that deposition has now been taken.

10. The filing of this motion to compel was not necessary. If Plaintiff had a concern about the deadline for disclosing expert testimony, USIS would have been willing to work in a cooperative manner to address that concern. The filing of this motion to compel served only to increase the attorney's fees and costs incurred in prosecuting and defending this action.

11. Plaintiff's argument concerning the timeliness of the objections filed by USIS is without merit. Plaintiff's deposition notice was served by mail on August 7, 2006. Under Rule 30(b)(5) of the Federal Rules of Civil Procedure, a request for the production of documents at a deposition is subject to the procedure set out in Rule 34, which provides that a response may be served within 30 days of the request. Under Rule 6, an additional 3 days are added when the original request is served by mail. USIS served its objections within the time permitted by the rules – 33 days from the date of service.

/s/ James P. Pewitt
James P. Pewitt (ASB-7642-P62J)
W. Lee Elebash (ASB-8933-L49E)
Attorneys for Defendant
USIS Commercial Services, Inc.

**OF COUNSEL**

**JOHNSTON BARTON**
**PROCTOR & POWELL LLP**

2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Ph: (205) 458-9400
Fax: (205) 458-9500

## CERTIFICATE OF SERVICE

      I hereby certify that on October 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:


Earl P. Underwood, Jr., Esq.
James D. Patterson, Esq.
LAW OFFICES OF EARL P. UNDERWOOD
21 South Section Street
Fairhope, Alabama  36533

Jim S. Calton, Jr., Esq.
CALTON & CALTON
226 East Broad Street
Eufaula, Alabama  36027


                              /s/James P. Pewitt
                              Of Counsel